

United States District Court
Southern District of Texas
**ENTERED**
January 25, 2021
Nathan Ochsner, Clerk

ENTERED
01/21/2021

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 20-35562 |
| GULFPORT ENERGY CORPORATION, *et al.*, | § | CHAPTER 11 |
| | § | Jointly Administered |
| Debtors. | § | David R. Jones |

REPORT AND RECOMMENDATION
TO THE UNITED STATES DISTRICT COURT
REGARDING THE WITHDRAWAL OF THE REFERENCE
AND REQUEST FOR EXPEDITED CONSIDERATION
(Docket No. 274, 296, 301)

Rockies Express Pipeline, LLC ("Rockies Express"), ANR Pipeline Company, Columbia Gas Transmission, LLC, and Columbia Gulf Transmission, LLC (collectively, "TC Energy") and Rover Pipeline LLC ("Rover") seek the mandatory withdrawal of the reference under 11 U.S.C. § 157(d) of the Debtors' motions to reject executory contracts under 11 U.S.C. § 365. In the alternative, Rover and TC Energy seek permissive withdrawal of the reference. For the reasons set forth below, the Court recommends that the District Court deny the motions in their entirety.

## Background

1. The Debtors are one of the largest producers of natural gas in the United States. Gulfport Energy Corporation, a debtor, is a party to certain long-term natural gas transportation agreements with Rockies Express, TC Energy and Rover (the "Transportation Agreements"). The rates and terms of the Transportation Agreements are subject to regulation by the Federal Energy Regulatory Commission ("FERC").

2. Anticipating the Debtors' bankruptcy filing, Rockies Express filed a petition for declaratory order with FERC on September 15, 2020 seeking a determination that the Transportation Agreements could not be rejected in a future bankruptcy proceeding without FERC's approval.[1] Rover filed a similar petition before FERC on September 22, 2020. Both Rockies Express and Rover sought expedited consideration by FERC on the belief that a bankruptcy filing was imminent and a bankruptcy court would promptly authorize the rejection of the Transportation Agreements.

---

[1] The petitions sought a finding that the rates cannot be "abrogated, modified or amended" by rejecting the agreement in a bankruptcy case under 11 U.S.C. § 365. The Court has previously observed this tactic of combining unrelated concepts in a concerted effort to undermine 11 U.S.C. § 365. The tactic and associated arguments have been repeatedly rejected and are contrary to established Fifth Circuit precedent.

3. On September 25, 2020, FERC issued an Order on Petition for Declaratory Order finding that it would possess concurrent jurisdiction with a bankruptcy court in the event of a bankruptcy filing and that FERC must approve any contract rejection under 11 U.S.C. § 365.

4. The Debtors filed voluntary chapter 11 cases on November 13, 2020 [Docket No. 1]. The cases are jointly administered [Docket No. 4].

5. On November 15, 2020, the Debtors filed their motions to reject the Transportation Agreements under 11 U.S.C. § 365 (collectively, the "Rejection Motion") [Docket Nos. 58 and 59].

6. Rover Pipeline filed its objection to the Rejection Motion on December 7, 2020 asserting that the Court lacked exclusive subject matter jurisdiction over the rejection request due to FERC's authority over transportation rates [Docket No. 302]. Concurrent with its objection, Rover Pipeline filed its motion to withdraw the reference of the Rejection Motion to the District Court [Docket No. 301]. In its motion, Rockies Express asserts that withdrawal is mandatory under 28 U.S.C. § 157(d) because in adjudicating the Rejection Motion, (i) the Bankruptcy Court must consider provisions of the Natural Gas Act; (ii) FERC has exclusive jurisdiction over the Rejection Motion and therefore the District Court should hear the motion; and (iii) prior to the Debtors' bankruptcy filing, Rockies Express obtained an order from FERC that redefined the rejection analysis standard under 11 U.S.C. § 365 and therefore the District Court should give deference to FERC [Docket No. 274].

7. On December 2, 2020, Rockies Express filed its motion to withdraw the reference of the Rejection Motion to the District Court [Docket No. 274]. In its motion, Rockies Express asserts arguments virtually identical to those raised in the Rover Pipeline motion regarding mandatory withdrawal [Docket No. 274].

8. On December 6, 2020, TC Energy filed its motion for both mandatory and permissive withdrawal of the reference [Docket No. 296]. Again, the arguments raised by TC Energy substantially mimic those raised by Rover Pipeline and Rockies Express in their motions for withdrawal.

9. The Debtors filed their objection to the Rockies Express withdrawal motion on December 8, 2020 [Docket No. 323]. The Debtors filed a combined objection on December 9, 2020 to the withdrawal motions filed by TC Energy and Rover Pipeline [Docket No. 335].

10. Rockies Express filed its reply to the Debtors' objection on December 10, 2020 [Docket No. 340]. TC Energy filed its reply on December 10, 2020 [Docket No. 342].

11. Due to the similarity in positions, the Court conducted a joint hearing on December 11, 2020 to consider the three motions [Docket No. 1056]. After considering the parties' arguments, the Court took the matter under advisement.

## **Analysis**

**Mandatory Withdrawal**

12. Bankruptcy cases filed in this district are referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and General Order No. 2005-6. Once referred, the District Court may withdraw the referral, in whole or in part, for cause. 28 U.S.C. § 157(d). "[W]ithdrawal must be granted if it can be established (1) that the proceeding involved a substantial and material question of both Title 11 and non-Bankruptcy Code federal law; (2) that the non-Code federal law has more than a de minimis effect on interstate commerce; and (3) that the motion for withdrawal was timely." *In re Nat'l Gypsum Co.*, 145 B.R. 539, 541 (N.D. Tex. 1992). In the pleadings and arguments, the movants primarily focus on the first element. For purposes of this report and recommendation, the Court assumes that elements two and three are present.

13. "[T]he mandatory withdrawal provision should be interpreted 'restrictively.'" *In re Lopez*, No. 09-70659, 2017 WL 3382099, at *5 (Bankr. S.D. Tex. Mar. 20, 2017) (quoting *Levine v. M & A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008)). In evaluating whether a matter involves a substantial and material question of non-bankruptcy federal law, the Court must determine whether "those issues require the interpretation, as opposed to mere application of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953-54 (7th Cir. 1996); *see also In re Quality Lease and Rental Holdings, LLC*., No. 14-60074, 2016 WL 416961, *6 (Bankr. S.D. Tex. Feb. 1, 2016) (providing that the mere presence of federal law issues outside of Title 11 does not mandate withdrawal).

14. The Debtors' Rejection Motion involves a straightforward and routine analysis under 11 U.S.C. § 365. Each of the movants assert, however, that the Rejection Motion requires an in-depth exploration of the intersection between the Natural Gas Act and the Bankruptcy Code. This Court previously stated when considering the exact same issue that "[t]he Court declines to enter the fanciful world . . . that equates a contract rejection under the Bankruptcy Code with rate modification under the FERC regulatory structure. *See In re Ultra Petroleum Corp.*, No. 20-32631 (MI) (S.D. Tex. June 15, 2020)." *In re Chesapeake Energy Corp.*, Case No. 20-33233, Report and Recommendation at Docket No. 1092 (September 3, 2020). The Court's prior statement is equally applicable in this instance. Moreover, the Court is comforted by the existence of controlling Fifth Circuit precedent on the relevant issue. *See In re Mirant Corp.*, 378 F.3d 511 (5th Cir. 2004). The Court finds the movants' argument unconvincing.

15. Perhaps anticipating the Court's view, the movants devote much energy to touting the anticipatory emergency declaration by FERC that it maintains either sole or concurrent jurisdiction over a motion to reject that was, at that time, only a future possibility. The movants go so far as to suggest that neither this Court nor the District Court have jurisdiction over the Rejection Motion due to the existence of the FERC order and therefore the Rejection Motion must be dismissed. This position is premised on the erroneous assumption previously made in *Chesapeake* that contract rejection is synonymous with rate modification and that the FERC has already determined that the public interest does not require rate modification at this time.

16. To the contrary, it is Congress—not FERC—that defines the scope of the federal courts' jurisdiction and the meaning of a rejection of an executory contract under 11 U.S.C. 365. Contract rejection changes no terms of the underlying agreement. Rather, rejection merely excuses a debtor's future contractual performance and converts that future nonperformance into a prepetition monetary claim. *See Mission Product Holdings, Inc. v. Tempnology*, 139 S. Ct. 1652 (2019). Indeed, it is the rate structure set forth in the Transportation Agreements that will serve as a basis for any claim that the Court ultimately allows.

17. The movants further assert that mandatory withdrawal is required so that the District Court may determine the proper standard for evaluating the Debtors' request to reject the Transportation Agreements. This argument turns the withdrawal statute on its head. To the extent that interpretation of unresolved issues is required (and it does not), the interpretation would be solely of the applicable bankruptcy law. The Court finds this argument meritless.

### **Permissive Withdrawal**

18. Although not advanced at the hearing, two of the movants formally assert in the alternative that permissive withdrawal of the reference is appropriate. In evaluating a request for permissive withdrawal of the reference, a court should consider several factors, including whether "(1) the underlying lawsuit is a non-core proceeding; (2) uniformity in bankruptcy administration will be promoted; (3) forum shopping and confusion will be reduced; (4) economical use of debtors' and creditors' resources will be fostered; (5) the bankruptcy process will be expedited; and (6) a party has demanded a jury trial." *In re Royce Homes, LP*, 578 B.R. 748, 756 (Bankr. S.D. Tex. 2017) (citing *Holland America Insurance Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).

19. The Court finds that each of these factors mitigate against withdrawal of the reference as (1) no genuine dispute exists that a motion to reject is a core matter; (2) uniformity in bankruptcy administration is best achieved by bankruptcy courts fulfilling their statutory duties; (3) the movants have engaged in gamesmanship by creating obstacles and attempting to avoid the Court's proper exercise of its jurisdiction over a pure bankruptcy matter; (4) all parties' resources are best utilized by the bankruptcy case proceeding uninterrupted; (5) the bankruptcy process will resolve the contract rejection issue promptly as is evident from the multiple motions to reject already resolved; and (6) no entitlement to a jury trial exists.

### **Conclusion**

20. The Court has carefully considered the movants' arguments. The Court is unpersuaded that the instant situation is a matter that will require the Court to delve into and interpret unexplored provisions of federal non-bankruptcy law and engage in the nuanced analysis of purportedly complicated FERC regulations. Likewise, the antics of the movants involved in obtaining an advisory order from FERC serve only to demonstrate the absence of genuineness and transparency that the Court requires in bankruptcy proceedings. This contested matter is a simple core proceeding under 28 U.S.C. § 157(b) to reject a series of executory contracts and involves the straightforward application of well-settled law. For the reasons set forth above, the Court finds that mandatory withdrawal is inapplicable. Likewise, the Court finds no basis for

permissive withdrawal of the reference. The Court therefore recommends that the District Court deny each of the withdrawal motions filed by Rockies Express, TC Energy and Rover in their entirety.

## Request for Expedited Consideration

21. The issues presented in this report and recommendation are important threshold issues that must be resolved so that the bankruptcy proceedings may continue. This Court respectfully requests that the District Court set an expedited schedule to consider the report and recommendation and provide further direction to this Court as it determines appropriate.

**SIGNED: January 21, 2021.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**