| | |
|---|---|
| United States District Court | Southern District of Texas |

United States District Court
Southern District of Texas
**ENTERED**
July 13, 2022
Nathan Ochsner, Clerk

In re: §
Gulfport Energy Corporation, et. al., §
    Debtors. §
§
§     Civil Action H-21-232
§
§
§

## Order to Refer to Bankruptcy Court

1. *Background.*

Gulfport Energy Corporation is one of the largest producers of natural gas in the United States. It has long-term natural gas transportation agreements with Rockies Express Pipeline, LLC; ANR Pipeline Company; Columbia Gas Transmission, LLC, and Columbia Gulf Transmission, LLC, (TC Energy); and Rover Pipeline, LLC. The rates and terms of those agreements are regulated by the Federal Energy Regulatory Commission (FERC).

In 2020, Gulfport filed for relief under Chapter 11 of the Bankruptcy Code and moved the Bankruptcy court to reject its executory contracts. Rockies Express, TC Energy, and Rover moved to withdraw the reference as to Gulfport's motion, because they claimed that the bankruptcy court could not properly address the motion. In 2021, Rockies Express, ANR Pipeline Company and TC Energy settled with Gulfport and so their motions to withdraw are moot.

Only Rover's motion remains. Gulfport then moved to refer its motion to reject back to the bankruptcy court. Gulfport's motion is accepted.

2. *Preface.*

Bankruptcy courts are courts of limited jurisdiction and may hear only matters connected with the bankruptcy estate.[1] A bankrupt estate restructuring

---

[1] *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995).

itself under Chapter 11 of the Bankruptcy Code, like Gulfport, may choose to reject a contract in which performance remains due on both sides.[2]

Gulfport's transportation agreements are subject to regulation by FERC. FERC has the exclusive authority to determine wholesale rates, and the reasonableness of rates regulated by FERC may not be collaterally attacked in state or federal courts.[3] A collateral attack would undermine the FERC's congressional authority to regulate utility rates.

3. *Reasoning.*

Rover says that this court must decide Gulfport's Motion to Reject, because it must consider the Natural Gas Act and interpretive law. It also claims that Gulfport is collaterally attacking the filed rates.

Gulfport says that the bankruptcy court has authority to reject its agreement with Rover without conflicting with FERC's authority to regulate filed rates. Gulfport is correct.

Two similar cases held that: (a) the power of a bankruptcy court to authorize the rejection of a filed-rate contract does not conflict with the authority of the FERC; (b) rejection is not a collateral attack upon the filed rate; and (c) bankruptcy courts must consider whether rejection harms the public interest or disrupts the energy supply, and must weigh those effects against the contract's burden on the bankrupt estate.[4]

Gulfport's motion to reject its contract with Rover is not a collateral attack upon that contract's filed rate because that rate will be used to determine the breach of contract damages resulting from the rejection.[5] Also, the FERC was invited to and participated in the bankruptcy proceedings.[6]

---

[2] 11 U.S.C. § 365(a).

[3] *Mississippi Power & Light Co. V. Mississippi ex rel. moore*, 487 U.S. 354 (1988).

[4] *In re Ultra Petroleum Corp.*, 28 F.4th 629 (5th Cir. 2022); see also *In re Mirant Corp.*, 378 F.3d 511 (5th Cir. 2004).

[5] *In re Mirant Corp.*, 378 F.3d at 522.

[6] *In re Ultra Petroleum Corp.*, 28 F.4th at 642.

4. *Conclusion.*

Gulfport's pending motion to reject is referred to the United States Bankruptcy Court for the Southern District of Texas with instructions to calculate damages resulting from the breach of contract using the filed rates in order to prevent a collateral attack on those rates. (28)

Signed on July 13, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge